**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Jeffrey Pratt,<br><br>               Plaintiff,<br><br>v.<br><br>Bradley Carroll, et al.,<br><br>               Defendants. | No. CV-13-01605-PHX-GMS (MEA)<br><br>**ORDER** |

    Pending before the Court is Plaintiff Michael Jeffrey Pratt's Motion to Amend Pleading. (Doc. 51.) On November 5, 2014, Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R & R") recommending that the Motion be denied. (Doc. 60.) Plaintiff filed objections to the R & R. (Doc. 63.) For the following reasons, the Court adopts the R & R of Magistrate Aspey and denies the Motion.

**BACKGROUND**

    The facts of this case are outlined in this Court's previous orders. Relevant to the current Motion, Plaintiff has filed a proposed Second Amended Complaint ("SAC"), alleging that, following his arrest, medical staff at the Chandler Regional Hospital, including Dr. Keith Butler and nurses Sandra Sovereign, Wilma Egan, and John Plummer, inserted two separate catheters in Plaintiff to run a urinalysis while he was restrained by Officer John Lucas, Officer Brian Morganthaler, and one unknown Chandler police officer. (Doc. 52.) In the proposed SAC, Plaintiff seeks to join the medical staff as Defendants to his suit and claims that they violated his constitutional rights and performed an illegal search by inserting the catheters after he refused medical

treatment. (*Id.*)

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) states that a court should "freely give leave" to amend pleadings "when justice so requires." The Ninth Circuit has further held that requests for leave are generally granted with "extreme liberality." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (per curiam). In addition, "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). However, "a party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile." *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012). A proposed amended complaint is futile if it fails to state a claim for which relief may be granted. *See Kest v. Kest*, 132 F.3d 39 (9th Cir. 1997); 42 U.S.C. § 1997e (also requiring dismissal a prisoner's complaint that "fails to state a claim upon which relief can be granted").

To sufficiently plead section 1983 claims, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In cases where plaintiffs bring section 1983 claims based on the Fourth Amendment against private actors, they must also allege that the private actor was an "'instrument or agent' of the state in effecting a search or seizure." *United States v. Walther*, 652 F.2d 788, 791 (9th Cir. 1981) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 487 (1971)). To allege that medical personnel are instruments or agents of the state when they perform medical procedures, plaintiffs must allege that they acted for some purpose other than "medical purposes." *United States v. Chukwubike*, 956 F.2d 209, 212 (9th Cir. 1992) (holding that doctors removing balloons from the plaintiff's stomach and intestines without consent of the patient was not a search or seizure).

- 2 -

In the proposed SAC, Plaintiff makes no mention of who ordered the urinalysis to be conducted or the catheters to be placed. (*See* Doc. 52.) In the current Motion, Plaintiff concedes that "to the best of [his] knowledge," the catheters were placed at the doctor's orders and that "it was done by [the] doctor's O.K." (Doc. 51.) But in his objections to this Motion, Plaintiff questions the motives of the doctors, who placed the catheters after Plaintiff's heart rate had returned to a moderate level, and suggests that the police officers had "something to do with" the catheterization. (Doc. 63.) These potentially conflicting accounts of the officers' role in ordering the catheterization do not sufficiently plead that any of the medical staff at Chandler Regional Hospital acted for any purpose other than "medical purposes." *Chukwubike*, 956 F.2d at 212. Thus, Plaintiff has failed to sufficiently allege that the doctors acted as instruments or agents of the state and that they acted under color of state law. *See Walther*, 652 F.2d at 791.[1] Plaintiff's proposed SAC fails, under section 1983, to state a claim for which relief may be granted.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Aspey's R & R (Doc. 60) is **ACCEPTED**.

2. Plaintiff Michael Jeffrey Pratt's Motion to Amend Pleading (Doc. 51) is **DENIED**.

3. The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 27th day of January, 2015.

Honorable G. Murray Snow
United States District Judge

---

[1] In addition, in their depositions, the medical staff stated that they inserted the catheters because Plaintiff refused to provide a urine sample and they performed the urinalysis because Plaintiff's heart rate was abnormally high and Plaintiff was experiencing an altered level of consciousness. (Doc. 66, Ex. C.)